TRINETTE G. KENT (State Bar No. 222020)
Lemberg Law, LLC
1100 West Town & Country Road
Suite 1250
Orange, California 92868
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

| | |
|---|---|
| Ryan Boudreau, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>American Home Shield Corporation,<br><br>Defendant. | Case No.: **'23CV0681 WQHBGS**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

For this Class Action Complaint, Plaintiff, Ryan Boudreau, by undersigned counsel, states as follows:

## **INTRODUCTION**

1.  Plaintiff, Ryan Boudreau ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendant, American Home Shield Corporation ("Defendant" or "AHS").

2.  Defendant placed repeated telemarketing text messages to Plaintiff's telephone – over Plaintiff's repeated requests for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

3.  AHS is a home warranty company based in Memphis, Tennessee. It claims to be "the leader in home warranties" and that it "founded the home warranty industry by creating American Home Shield" and has paid "[m]ore than $2 billion" in insurance claims in the prior 5 years.[1]

4.  To advertise its services and sell more home warranties, AHS operates an aggressive telemarketing campaign where it repeatedly sends text messages to telephone numbers that have been placed on the National Do-Not-Call Registry and over the messaged party's objections.

5.  Indeed, Plaintiff's telephone number has been listed on the National Do-

---

[1] https://www.ahs.com/about/ (last visited April 17, 2023).

CLASS ACTION COMPLAINT

Not-Call Registry since 2008, and Plaintiff has asked AHS to "Stop" messaging him repeatedly; however, despite AHS confirming receipt of the "stop" requests, AHS has ignored the requests and proceeded to place repeated additional telemarketing text messages to Plaintiff.

6.  Accordingly, Plaintiff seeks to represent a class of similarly situated persons who have also received unwanted telemarketing text messages from AHS, and to certify the following class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "stop" messaging them in any combination of upper and lower case letters.

## JURISDICTION

7.  This action arises out of Defendant's repeated violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.  The TCPA provides a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5).

8. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action, including Plaintiff's receipt of Defendant's telemarketing text messages, occurred in this District.

## PARTIES

10. Plaintiff, Ryan Boudreau ("Plaintiff"), is an adult individual residing in Chula Vista, California, and is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant, American Home Shield Corporation ("AHS"), is a Delaware business entity with a principal place of business at 3400 Players Club Parkway, Suite 300, Memphis, Tennessee 38125-1731.

## THE NATIONAL DO-NOT-CALL REGISTRY

12. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provide a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

15. In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

16. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages. *See Gulden v. Liberty Home Guard LLC*, 2021 WL 689912, at *4–5 (D. Ariz. Feb. 23, 2021).

**FACTUAL ALLEGATIONS**

17. Plaintiff's cellular number, 619-XXX-6491 (the "-6491 Number"), has been registered with the National Do-Not-Call Registry since February 1, 2008.

18. Plaintiff uses his cellular telephone as his residential telephone number.

19. Within the last year, Defendant sent repeated text messages to Plaintiff's -6491 Number that marketed, advertised, and promoted Defendant's business and services and encouraged Plaintiff to purchase a home warranty from Defendant.

20. Specifically, after Plaintiff's home warranty with AHS expired, AHS began sending text messages to Plaintiff asking him to visit Defendant's website or call AHS to "renew" his home – including after Plaintiff repeatedly asked AHS to "Stop." Representative text messages are reproduced below:




 



21. AHS's messages advised "Text STOP to end."

22. As set forth in the above screenshots, on January 26, 2023, February 1, 2023, February 11, 2023, February 14, 2023, February 17, 2023, March 1, 2023, and March 16, 2023, Plaintiff messaged Defendant "Stop" or "STOP" in order to get Defendant to stop contacting him. Defendant repeatedly confirmed receipt of the stop

8

CLASS ACTION COMPLAINT

requests and responded, "You are unsubscribed from text alerts. Reply YES at any time to opt back in Reply HELP for help."

23. By messaging AHS "Stop" beginning on January 26, 2023, Plaintiff terminated any business relationship with AHS and revoked any prior express consent AHS may have had to message Plaintiff.

24. Plaintiff never messaged Defendant "YES" or "HELP."

25. Nonetheless, Defendant ignored Plaintiff's "Stop" requests and continued to send additional messages to Plaintiff, encouraging him to contact AHS and renew his AHS home warranty including on January 26, 2023, February 1, 2023, February 11, 2023, February 14, 2023, February 17, 2023, March 1, 2023, March 16, 2023, and April 15, 2023.

26. Despite Defendant's ability to program its telephone dialing systems to honor "Stop" requests immediately and at a minimum to cease sending additional telemarketing text messages within 24 hours of receiving a "Stop" messages – a common policy adopted by many companies that send telemarketing messages as part of their business – Defendant instead deliberately programmed its telephone dialing systems to continue sending telemarketing messages to consumers months after receiving a "Stop" request.

27. None of Defendant's messages to Plaintiff's cellular telephone were for an emergency purpose.

28. Plaintiff was damaged by Defendant's text messages. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages, forcing Plaintiff to divert attention away from other activities.

## CLASS ACTION ALLEGATIONS

### A. The Class

29. Plaintiff brings this case as a class action on behalf of himself and all others similarly situated.

30. Plaintiff represents, and is a member of, the following class (the "Class"):

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "stop" messaging them in any combination of upper case and lower case letters.

31. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. <u>Numerosity</u>

32. Upon information and belief, Defendant placed telemarketing messages to telephone numbers registered on the National Do-Not-Call List belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such messages and/or such persons had previously asked Defendant to cease messaging them. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

33. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

C. <u>Common Questions of Law and Fact</u>

34. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendant's messages to members of the Class were placed for telemarketing purposes;

    b. Whether Defendant can meet its burden of showing it obtained prior express written consent to place each telemarketing message;

    c. Whether the messages made to Plaintiff and Class Members violate the Do-Not-Call Registry rules and regulations;

    d. Whether Defendant deliberately programmed its telephone dialing

systems to ignore "Stop" requests and continue sending telemarketing messages to telephone numbers that had previously messaged "Stop";

e. Whether Defendant's conduct was knowing and/or willful;

f. Whether Defendant is liable for damages, and the amount of such damages; and

g. Whether Defendant should be enjoined from such conduct in the future.

35. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages to telephone numbers registered on the National Do-Not-Call Registry, and over requests to stop the messages, is accurate, then Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. Typicality**

36. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. Protecting the Interests of the Class Members**

37. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously

pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

38. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

### COUNT I
### VIOLATIONS OF THE TCPA
**(47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

39. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff brings this claim on behalf of himself and the Class.

41. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

42. 47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request

not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."

43. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

44. Defendant initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

45. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

46. In addition, Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

47. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendant.

48. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

49. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

50. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant initiated more than one telephone solicitation text to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

- Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

# COUNT II
## Willful Violations of the Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(c)(2) & (d)(3))

51. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

52. Plaintiff brings this claim on behalf of himself and the Class.

53. Defendant is fully aware at all relevant times that the telephone numbers it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

54. In addition, Defendant deliberately programmed its telemarketing telephone systems to continue sending telemarketing messages to consumers after receiving a "Stop" request. Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

55. Each of the aforementioned messages by Defendant constitutes a

knowing and willful violation of the TCPA.

56. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

57. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

58. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times;
- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C. Treble damages of up to $1,500.00 for each and every text message in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  April 17, 2023

By: __/s/  Trinette G. Kent__
Trinette G. Kent, Esq.
Lemberg Law, LLC
*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT